GULF & S. I. R. R. Co. *v.* MEYERS.

[75 South. 244, Division B.]

1. CARRIERS. *Carriage of passengers. Question for jury.*

Under section 1985, Code 1906, known as the *prima facie* statute making the injury to a person by a running train or car *prima facie* evidence of negligence and placing the burden of proof upon the defendant to exonerate itself from negligence for such injury, where a passenger brought suit against a carrier for injury received from a jerk or lurch of the car in which she was riding of an usual character, the burden imposed by the statute upon the carrier is not met, if the carrier fail to show how such jerk or lurch occurred and failing to show this the defendant is not entitled to a peremptory instruction.

2. TRIAL. *Instructions. Request covered.*

It is not error for the court to refuse an instruction where it gives another instruction to the same party embodying the same principle as that contained in the refused instruction.

3. CARRIERS. *Carriage of passengers. Action for injuries. Burden of proof.*

   In a suit by a passenger against a carrier for injuries sustained by a running train it is not sufficient to exonerate the defendant for it to show that its track was in good condition and that its equipment was inspected and found to be in good condition at the station from which the train started.

4. TRIAL. *Instruction. Undue prominence.*

   In a suit by a passenger against a carrier for injuries caused by a running train, an instruction that if the plaintiff was injured in the train, the burden is upon the defendant to explain the cause of injury, and this cannot be done by merely proving that the track was in good order; and that its equipment was in good condition when the train started, and to prevent her recovery, if she was injured by the running train or car, the defendant cannot ask the jury to rely upon mere conjecture as to the cause of injury; was not reversible error, although the instruction failed to refer to evidence by the conductor and flagman that they did not notice any unusual lurch.

5. SAME.

   Such an instruction was not subject to the objection that it was upon the weight of the evidence and invaded the province of the jury.

6. STIPULATIONS. *Oral agreements of counsel. Validity.*

   The supreme court will not, under its rules, recognize verbal agreements between counsel, or settle disputes with reference thereto.

APPEAL from the circuit court of Forrest county.

HON. P. B. JOHNSON, Judge.

Suit by Mrs. William J. Meyers against the Gulf & Ship Island Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes; Wells, May & Sanders,* for appellant.

We will consider the several assignments of error in the order assigned. First, the trial court erred in refusing the requested peremptory instruction to find for defendant. It may be proper for us to advert briefly to the general rule of the carrier's liability to its passengers. A common carrier is not an insurer of the safety

of its passengers but is liable only for negligence. 6 Cyc. 590; *Railroad Co.* v. *Trotter,* 61 Miss. 417; *Railroad Co.* v. *Statham,* 42 Miss. 607.

Common carriers are not compelled to so restrain the liberty of their passengers as that the latter can by no act of their own put themselves in unnecessary danger, and if the passenger puts himself in such danger and is thereby injured, the carrier is not liable. *Bridges* v. *Railway Co.,* 86 Miss. 544; 4 Elliott on Railroads, 403.

The rule stated by Mr. Elliott, last above quoted, is substantially the same as the text in Cyc. to wit: "Jerks and jars necessarily incident to the operation of the train and not the result of negligence will not render the carrier liable for resulting injuries." 6 Cyc. 625, and numerous cases cited in note 13.

The court will bear in mind that this record does not present the ordinary case of injury to a passenger, in boarding the train or disembarking from the train, by the sudden stopping or starting or handling of the train, hence the multitude of decisions in such cases will not prove helpful in the determination of this case. The uncontroverted testimony in this record is that there was no accident to the train or car in which appellee was riding, but simply an accident to the appellee. It is further conceded that the train was moving at the usual and customary rate of speed between stations and rounding a curve in the track when the lurch, jerk or jar, producing the injury, occurred. It is also conceded that no other passenger on the train or in the car was injured, inconvenienced or discommoded by the operation of the train or car although there were other persons in the car which plaintiff was riding.

The positive testimony of appellant's witnesses that the railway track, at the time and place in question, was properly constructed, and in good, safe condition, is undisputed, as is also the testimony that appellant's vehicle was carefully and properly inspected a few hours before the accident to appellee and it was found

to be in proper and safe condition in every respect, and as is also the testimony that appellant's engineer was a skilled, competent and cautious engineer.

We assume counsel for appellee will invoke the doctrine of *res ipsa loquitur* and section 1985, Mississippi Code 1906, and insist that by virtue thereof the trial court properly submitted the case to the jury, we recognize and appreciate the force of the *res ipsa loquitur* doctrine, and that when a person, suing a carrier of passengers for an injury shows that the injury happened to him, without fault or negligence on his part, in consequence of the breaking of the vehicle, roadway, or other appliances owned or controlled by the carrier in making the transit, he makes out a *prima facie* case for the recovery of damages.

But there is a well defined limitation on the application of this doctrine, stated in 5 R. C. L., page 83. *Foley* v. *Boston & M. Railroad,* —— Mass. ——, 79 N. E. 765, 7 L. R. A. (N. S.) 1078; *Weinschenk* v. *New York, N. H. & H. R. Co.,* 190 Mass. 250, 76 N. E. 662; *Byron* v. *Lynn & B. R. Co.,* 177 Mass. 303, 58 N. E. 1015; *Nelson* v. *Lehigh Valley Railroad Co.,* 50 N. Y. Supp. 63; *Norfolk & W. Ry. Co.* v. *Rhodes,* 63 S. E. 445; *Cleary* v. *Blake,* 12 App. Div. 602, 605, 43 N. Y. Supp. 1115; *Dougan* v. *Transportation* Co., 56 N. Y. 1; *Cleveland* v. *Steam Co.,* 68 N. Y. 306; *Burke* v. *Witherbee,* 98 N. Y. 563; *Lafflin* v. *Railroad Co.,* 106 N. Y. 136, 12 N. E. 599; *Loftus* v. *Ferry Co.,* 84 N. Y. 455.

In this case there is no direct proof of negligence, nor can negligence be reasonably presumed from the fact and circumstances disclosed by the record. It is a matter of common knowledge, as well as shown by the record, that trains or cars, in passing rapidly over curves in the road lurch, rock or swing and that this is unavoidable. Railroad tracks cannot always be straight. The movement of trains is rapid, and the inevitable result is that the natural laws of motion cause the car to

rock or swing or lurch as it passes over curves. This cannot be prevented, and is one of the risks which a passenger assumes.     See *Baltimore etc.* v. *Cason,* 72 Md. 377, 380, 381, 20 Atl. 113; *Byron* v. *Lynn,* 177 Miss. 303, 58 N. E. 1015; *Hite* v. *Metropolitan etc. Co.,* 130 Mo. 132, 31 S. W. 262, 32 S. W. 33, 51 Am. St. Rep. 555; *Burr* v. *Penn. R. Co.,* supra.

It is true that the plaintiff and one of his witnesses express the opinion that the rocking or lurching when the plaintiff was injured was unusual and extraordinary but they testify to no facts which show that it was unusual or extraordinary. *Foley* v. *Boston, etc. R. Co.,* 193 Mass. 332, 79 N. E. 765, 766, 7 L. R. A. (N. S.) 1076. The mere fact that the plaintiff who did not have hold of anything, was thrown or fell in the way he described does not show that the movement of the train was unusual. No one was to blame for the injury so far as the record shows. It was simply one of those unfortunate accidents which sometimes happen, for which the law holds no one responsible.

"There being no evidence upon which to base the verdict, the trial court ought to have set it aside. The trial court erred in refusing defendant's thirteenth and last instruction, to wit: The court instructs the jury on behalf of defendant as a matter of law, that jerks and jars of railroad coaches are ordinary and necessary in the operation of railway trains, and for such injuries as may be received from jolts, jerks, or jars ordinarily and necessarily incident to the movement of trains. the carrier is not liable, because the risk of such injury so received is assumed by the passenger." (R. 41.)

Notwithstanding the authorities are all agreed that the passenger assumes the risk of injury received from jolts, jerks, or jars, ordinarily and necessarily incident to the movement of trains, the carrier is not liable, and although the authorities herein, above cited state that it is a matter of common knowledge that even in the exercise of the high degree of care required of steam

railroads, jolts and lurches in the movement of their trains are necessary, the court deprived us of this vital principle in the refusal of the foregoing instruction.

"The trial court erred in giving the first instruction for the plaintiff, to wit:

"The court instructs the jury for the plaintiff that the railroad company owes to a passenger the duty of safe carriage and they are required by law to exercise the very highest degree of care for the safety of the passenger and if a passenger is injured by the carelessness of the railroad company then the railroad company becomes at once responsible for such injury."

Our complaint of this instruction is against the phrase advising the jury that carriers "are required by law to exercise the very highest degree of care for the safety of the passengers." This instruction is equivalent in strength to the following instruction condemned by the Alabama supreme court, in the case of *Birmingham Ry., Light & Power Co.* v. *Barrett,* 60 So. 262, paragraph 3, on page 264.

It is the duty of the street car company to exercise the highest degree of care known to human skill and foresight in regard to the carriage of its passengers, and the carrier is liable for the slightest degree of negligence. 6 Cyc. 591; 2 White's Personal Injuries on Railroads, p. 583; 2 Hutchinson on Carriers (3 Ed.), Sections 893-896; 2 Wood on Railway Law, section 301-313; 4 Elliott on Railroads (2 Ed.), 1585; *B. R. L. & P. Co.* v. *Barrett,* 58 So. 760.

"The trial court erred in giving the second instruction for the plaintiff, to wit: "Persons injured by a running train are presumed by law in absence of proof to the contrary, to have been injured by the negligence of the railroad company, and in order to recover for the same the party injured does not have to show what caused the injury or the details of how the injury was inflicted. The burden of proof is upon the railroad to show that such injury was not its fault and how it occured and in

the absence of such explanations by the railroad the law is that the party so injured must be entitled to a verdict in a suit for such injury."

This instruction is fatally erroneous in the following particulars: (a) It assumes the injury was caused by the running of the train. (b) It assumes the existence of negligence in the operation of the train and it further assumes that such negligence proximately caused the injury sued for. (c) It expressly advises the jury that the plaintiff is not required to show what caused the injury, in addition to stating that the details of how the injury was inflicted need not be shown by plaintiff to entitle plaintiff to recover. (d) It tells the jury in so many words, that the burden of proof is upon the railroad to show that such injury was not its fault, in addition to the burden of showing how the injury occurred, thereby shifting the burden of proof to the defendant to establish non-liability in addition to a full disclosure of all the facts and circumstances from which negligence *vel non* can be inferred. *A. & V. Ry. Co.* v. *Thornhill*, 63 So. 674; *Alabama Great Southern Railway Co.* v. *Daniel*, 66 So. 732; *W. & V. R. R. Co.* v. *Messina*, 67 So. 965.

The trial court erred in giving the third instruction for the plaintiff, to wit: "If Mrs. Meyers was injured by a running car or train, then the burden of proof is upon the railroad company to explain the cause of the injury and this it cannot do by merely proving that its track was in good order and its equipment had been inspected at Gulfport and found in good condition. In order to prevent her recovery if she was injured by the running train or car the railroad company cannot ask you to rely upon mere conjectures in the absence of proof as to the cause of that injury."

This instruction is fatally erroneous in three essential particulars: First, it is an instruction on the weight of the evidence and thereby invades the province of the jury; and, second, it singled out and emphasized cer-

tain portions of the testimony to the exclusion of other salient features of the evidence; and, third, it attempts to state a concrete case and omits several salient and essential features of the evidence and elements of the case. *Thayer Export Lbr. Co. Naylor,* 100 Miss. 841, 57 So. 227.

The trial court erred in giving the fourth instruction for the plaintiff, to wit: "The court charges the jury for the plaintiff, that if you believe from the evidence that the plaintiff was injured on a running train and by any movement of that train, and that there is no explanation in the evidence of how that injury occurred, then the law presumes that it was the result of the negligence of the railroad company, and your duty under your oaths as jurors required you to find a verdict for the plaintiff and to award her such damages as you believe from the evidence is necessary to fully compensate her for all the pain and suffering, if any, endured by her, and all the injury, if any to her health and strength, and her expenses in endeavoring to be cured, which the evidence shows resulted directly from such injury."

This instruction is perhaps correct as an abstract proposition of law but is misleading and erroneous as applied to the peculiar facts of the instant case, in that the jury were advised that if the plaintiff was injured by any movement of the train in the absence of an explanation of how the injury occurred, the law presumes that it was the result of negligence on the part of the carrier. As we have heretofore stated, the carrier, could not make full explanation of the force and effect of the jerk in question, on appellee, when the appellee had placed herself in a position where she could not be observed by any witness.

We respectfully submit that the judgment of the trial court should be reversed and a judgment final should be rendered here for the appellant because of the uncontra-

114 Miss.—30

·dicted testimony fully disclosing all the facts and circumstances in reference to the injury.

*R. N. Miller,* for appellee.

It is true that the railroad company is not the absolute insurer of the safety of its passengers, but it is also true that it must exercise the very highest degree of care for the safety of passengers, and it is also true that a railroad company is not liable to the passenger for the ordinary jerks and jars which are necessarily incident to the movement of its trains, and this was ·clearly put to the jury for the defendant by its eleventh instruction which was given by the court.

It is true, however, that a Railroad Company is liable for extraordinary and unusual jerks and jars, which are not necessarily incident to the operation of the train. ''It may constitute negligence that the train ·or cars is so operated as that, by jarring or jerking, passengers are imperilled, who are properly conducting themselves with reference to their transportation, even though they may be standing or moving for the purpose ·of getting off the conveyance. In this respect the conveyance must be operated with regard to the situation ·of the passengers as known to, or as it should be known to the servants in charge.'' 6 Cyc. 624; *Mitchell* v. *Chicago & C. R. R.,* 132 Mo. 143; *St. L. & I. M. R. Ry.* v. *Wright,* 105 Ark. 269; *Ramsey* v. *McKay,* 146 Pac. ·210; *Suttle* v. *So. R. R. Co.,* 150 N. C. 668. And these were for injury by jolts and jerks on mixed trains. *A. & V. R. R. Co.* v. *Carney,* 68 So. 166.

In reply to the brief filed for appellant in this case to the two cases quoted at length with that brief. *Foley Boston & Maine R. R.,* 79 N. E. 765; *Nelson* v. *Lehigh Valley R. R. Co.,* 50 N. Y Supp. 63. It is sufficient to say that those cases have no sort of influence upon this case, because of the fact that these were decided many years ago—the Foley case being

decided in 1907—over ten years ago—and the New York Case earlier, and neither state, neither Massachusetts nor New York, had a statute like our section 1985. The Foley case, if the court will examine it, as appears in 79 N. E. 765, will see there was no jar or jerk as described here by the evidence in this case; but was just an ordinary joilting that occurred over a new piece of track made by way of a cross-over, with which the plaintiff in the case was perfectly familiar before he took passage on the train, and this case was decided especially on the ground that the plaintiff was guilty of contributory negligence. *Nelson* v. *Lehigh Valley Railroad Company* 50 N. Y. Supp—.

As to the first instruction given for the plaintiff in the court below, it is supported by the following cases from our own court, to-wit: *Vicksburg & Jackson R. R.* v. *Patton,* 31 Miss. 197; "Utmost care" *Miss. Cen. R. R. Co.* v. *Miller,* 40 Miss. 45, and cases there cited; *Walker* v. *Quincy & C. R. R. Co.,* 178 S. W. 108; *C. & O. R. R.* v. *Burke,* 147 Ky. 694. "Utmost care" and greatest degree of care" mean one and the same thing. See Webster's Unabridged "Uttermost."

Our second instruction given for the plaintiff was of course based on section 1985 of the Code, and merely states the rule that personal injury by running train is presumed by law, in the absence of proof to the contrary, to have been injury by the negligence of the Railroad Company. If that is not true, then the statute means nothing, and it therefore proceeds and, in order to recover for the same the party injured does not have to show what caused the injury or the details of how the injury was inflicted, the burden of proof is upon the railroad to show that such injury was not its fault and how it occurred, and in the absence of such explanation by the railroad company, the law is that the party so injured must be entitled to a verdict in a suit for such injury.

Every case on the subject construing this section of the statute makes this instruction entirely proper. It does not assume that there was negligence, but merely announces the rule declared by the statutes: "That in the absence of proof to the contrary" and "in the absence of. any explanation of what caused the injury, etc.," that the negligence of the railroad company is presumed, and that the plaintiff must recover. That is bound to be a correct interpretation of the statute, and has been endorsed by every decision on the subject of our own court. *I. C. R. R. Co.* v. *Turner,* 71 Miss. 402; *R. R. Co.* v. *Brooks,* 83 Miss. 721; *A. & V. R. R. Co.* v. *Thornhill* 63 So. 674; *M. C. R. R.* v. *Robinson,* 64 So. 838; *A. & V. R. R.* v. *Carney,* 68 So. 166; *A. & G. V. S. R. R.* v. *Daniel,* 66 So. 730; *Y. & M. V. R. R.* v. *Messina,* 67 So. 903.

A consideration of all the above cases construing section 1985 of the Code, it is settled law that when proof of injury by running train is made that under the expressed provisions of· the statute the burden of proof is upon the defendant railroad company to prove itself free from negligence, and negligence is presumed unless the evidence for the railroad company discloses the doing or omission of every act from which an inference of negligence *vel vol* could be drawn. The *prima-facie* evidence of negligence unexplained entitles the plaintiff to judgment. See *A. & V. R. R. Co.* v. *Thornhill,* 63 So. 674, supra.

The trouble with the railroad company in this case was that it failed utterly to explain that there was no mismanagement of the air brakes or of the train, which caused the jerk or jar which caused the injury; but the railroad company contented itself with proving that it had a good train, properly equipped, and good tracks, and air brakes that had been inspected that morning before leaving Gulfport, but it never did prove how those air brakes or the train was managed. It cannot make this hyatus in the proof by saying that the

engineer was dead; the man who handled the engine. If the engineer had been on the stand and had proven the proper management of the train the testimony of Mr. and Mrs. Meyer was squarely in contradiction of the fact that the train was properly handled, and, therefore, the case properly went to the jury.

ETHRIDGE, J., delivered the opinion of the court.

Mrs. William J. Meyers, a resident of Memphis, Tenn., was a passenger on the train of the appellant on the 29th day of August, 1914, en route from Gulfport, Miss., to Memphis, Tenn. When about one hour's run out of Jackson, Miss., Mrs. Meyers went into the ladies' dressing room to make her toilet, and while standing in the said room the train of the appellant made a sudden jerk or lurch, by which she was thrown violently against the washbasin, from which blow she received an injury in the side or groin, followed by hemorrhage and physical suffering. She said that she was stunned or dazed by the blow, and as soon as she was able she went into the car and sat down with her husband and complained to him of the injury, and that she was sick and suffered great pain throughout the trip and for some time thereafter. It is alleged that the effect of the injury was to produce a miscarriage and permanent injury, which necessitated the removal of one of the ovaries and fallopian tube. The operation necessary was performed in Memphis, Tenn., within a few days after the injury, and the plaintiff was, according to her testimony, permanently injured, and her testimony was supported by her family physician, who performed the operation. The husband supported the wife's statement as to the violent jerk or lurch of the train, showing that it was an unusal jerk or jar of a violent character. The railroad company introduced proof that its track was in good condition, that its train was properly equipped with air and other appliances before leaving

Gulfport for this run, and that the engineer in charge had long experience as a freight engineer, but was not the regular passenger engineer, and had but little experience in operating a passenger train. The engineer in charge of the train at the time of the injury was dead at the time of the trial, and the fireman had left the employ of the company, and was not introduced as a witness. The conductor and flagman testified that they had no recollection of any such jerk or unusual jar or lurch of the train testified to by the plaintiff and her husband. They did not testify as to the particular time of the lurch, and it does not appear that they had knowledge of the plaintiff's injury to call their attention to the matter. The plaintiff gave notice to the defendant of the taking of the deposition of Dr. F. D. Smythe of Memphis, who was present at the operation upon the plaintiff, filing interrogatories in the clerk's office, and serving copy on the defendant. One of the attorneys of the defendant took the copy of the interrogatories to Memphis, Tenn., caused Dr. Smythe to appear before a notary, had him answer the direct interrogatories and then proceeded *ore tenus* to cross-examine Dr. Smythe, the attorneys for the plaintiff not being present at the time. The interrogatories filed with the clerk in due time were sent to Memphis by the plaintiff and Dr. Smythe's answers taken to the direct interrogatories, but there was no cross-interrogatories. Dr. Smythe had attended the plaintiff professionally prior to the operation, and had advised the operation, but testified that there was a diseased ovary prior to the injury. The appellant offered the deposition of Dr. Smythe in evidence with the cross-examination taken by its attorney as above stated. On objection this was excluded, and the exclusion is assigned for error.

It is contended by the appellant that the testimony in the case does not warrant a verdict, it being contended that the burden placed upon the company by the statute (Code 1906, section 1985) had been met by the showing

made, and there was a request for a peremptory in-
struction for the defendant, which was refused. Section
1985 of the Code of 1906, known as the *prima-facie* sta-
tute, makes the injury of a person by a running train or
car *prima-facie* evidence of negligence, and places the
burden of proof upon the defendant to exonerate itself
from negligence for such injury. In the present case
there was no direct evidence as to whether or not the
jerk or lurch was caused by applying too strongly the
air, or as to whether the engine at the particular time
was suddenly stopped or its speed violently increased
by application of more power. As above stated,
neither the engineer nor the fireman was available to
make this proof. It is clear that the jerk or lurch was
of unusal character, and it is highly probable that it
was caused either by applying too strongly the air, or
by a sudden jerking of the engine, or a sudden or undue
increase of speed, and inasmuch as the company has
not shown how the engine and the air was operated, we
think there was a failure on the part of the company
to show freedom from negligence, and the peremptory
instruction was rightly refused.

It is alleged that the trial court erred in refusing
the following instruction for the defendant:

"The court instructs the jury on behalf of the
defendant as a matter of law that jerks and jars of the
railroad coaches are ordinary and necessary in the
operation of railway trains, and for such injuries as
may be received from jolts, jerks, or jars ordinarily and
necessarily incident to the movement of trains the
carrier is not liable because the risk of such injury is
assumed by the passenger."

The defendant secured sufficient instructions to cover
this point in its given instructions. In the twelfth in-
struction the jury were instructed that plaintiff could
not recover unless a preponderance of the evidence
shows to the satisfaction of the jury: First, that there
was an unusual and extraordinary lurch, jerk, or jar to

the coach in which the plaintiff was riding; second, that such unusual and extraordinary lurch, jerk, or jar was unnecessary in the proper operation of the train; and, third, that such unusual and extraordinary lurch of which the plaintiff complains, and if upon the consideration of all the evidence in the case the jury cannot say with reasonable certainty from a preponderance of the evidence that the plaintiff has established the affirmative or each and every of the issues enumerated, then in either such event it will be the duty of the jury to find for the defendant. The jury were further instructed that though they should be convinced by a preponderance of the evidence that there was a lurch, jerk, or jar to the coach in which the plaintiff was riding, and that such jerk or jar caused plaintiff to fall and receive the injury, still plaintiff is not entitled to recover any sum in this case, unless the preponderance of the evidence shows to the satisfaction of the jury that such lurch, jerk, or jar was extraordinary and unnecessary in the operation of the train at the time and place and under the conditions in question. We think these instructions carry the principle contended for as far as the law warrants their application to this case.

The appellant complains of instructions given on behalf of the plaintiff. The only one of these objections we think worthy of notice is the third instruction given the plaintiff, which reads as follows:

"If Mrs. Meyers was injured by the running car or train, then the burden of proof is upon the railway company to explain the cause of the injury, and this it cannot do by merely proving that its track was in good order and its equipment had been inspected at Gulfport and found in good condition. In order to prevent her recovery, if she was injured by the running train or car, the railroad company cannot ask you to rely upon mere conjecture in the absence of proof as to the cause of the injury."

It is contended: First, that this instruction is upon the weight of evidence and invades the province of the jury; second, that it singles out and emphasizes certain portions of the testimony to the exclusion of other salient features of the evidence; and, third, that plaintiff attempts to state a concrete case and omits several salient and essential features of the evidence and the elements of the case. Abstractly taken, the instruction states the law correctly so far as it deals with the hypothesis stated therein. It would not exonerate the appellant to show merely that its track was in good condition, and that its equipment was inspected at Gulfport and found in good condition. While there was some evidence from the conductor and flagman to the effect that they did not notice any unusual jerk or lurch, and this is not referred to in the instruction, and while this hypothesis should have been incorporated to comply with the rule against singling out a portion of the facts, still we do not believe that it is reversible error, taken in connection with all the instructions of the case; and we think the instructions as a whole announce the law clearly as applicable to the case, and that the jury were not misled in this particular. The instructions both for the plaintiff and the defendant were full and complete, and the jury could not have been misled as to the law of the case.

It is next contended that the court erred in sustaining the objection to the introduction of the deposition of the witness Dr. Smythe. It seems that there was some misunderstanding of a verbal agreement between counsel as to what should be done in the taking of this deposition, but this court under its rules cannot recognize verbal agreements or settle disputes with reference thereto. It appears that counsel for the railroad company under some understanding of a verbal nature took his copy of the interrogatories and went in person and cross-examined the witness, and that the attorneys for the other side were not present, and that the attorney for the defendant did not file written cross-interroga-

tories, and the original copy filed with the clerk on which the plaintiff took the deposition was not crossed and was not offered in evidence. The appellant did not offer in evidence the answers to the original interrogatories filed with the clerk. The defendant could not have taken on its own part the deposition of Dr. Smythe for the reason that he had been consulted professionally by the plaintiff, and as the plaintiff did not offer the interrogatories and answers taken by it, and as the defendant did not offer this either, it is unnecessary to decide whether the defendant could offer the deposition of the physician against the objection of the patient or not.

We find no objection which warrants us in reversing the case, and it is accordingly affirmed.

*Affirmed.*